# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 4834 | **DATE** | 5/31/2011 |
| **CASE TITLE** | Adkins vs. Acevedo | | |

**DOCKET ENTRY TEXT**

Petitioner's request for leave to file an amended habeas petition [29] is granted, with the clarifications discussed below. The stay entered by Judge Andersen (see [9, 12]) is continued. For further details, see below.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

*Pro se* Petitioner Anthony Adkins, an inmate in the Illinois Department of Corrections identified as prisoner number B34514, signed a 28 U.S.C. § 2254 petition for writ of habeas corpus on August 31, 2006. [1, 7]. The Court received the petition on September 6, 2006. *Id.* In the petition, Petitioner identified certain claims that were exhausted and ripe for adjudication by the Court. However, Petitioner stated that some of his claims were the subject of state postconviction proceedings, see 725 ILCS 5/122-1, *et seq.*, that were then pending in the Circuit Court of Cook County, Illinois. Judge Andersen (to whom this case was previously assigned) stayed the case at petitioner's request, pending the conclusion of petitioner's postconviction proceedings. [9, 12].

On January 27, 2010, Petitioner filed of a petition for relief from judgment, see 735 ILCS 5/2-1401, in the Circuit Court of Cook County, Illinois. According to Petitioner, the 2-1401 petition raised six additional claims.

On January 26, 2011, the Illinois Supreme Court denied petitioner's postconviction petition for leave to appeal (PLA) regarding the unexhausted claims in the original habeas petition, bringing those postconviction proceedings to an end. See *People v. Adkins*, 943 N.E.2d 1101 (Ill. 2011) (table). Thus, petitioner appears to have exhausted his state court remedies for all of the claims raised in his original habeas petition, see [1], and they are ripe for adjudication.

However, on March 28, 2011, Petitioner filed an amended petition for writ of habeas corpus [29], which the Court construed as a motion for leave to file an amended petition. See [30]. The amended petition contains a total of six claims. According to Petitioner, the claims in his amended habeas petition are the same as those that he seeks to litigate in the 2-1401 petition. According to Respondent, representatives of the Cook County State's Attorney, the Clerk of the Circuit Court of Cook County, and the Clerk of the Illinois Appellate

| STATEMENT |
|---|

Court, First District, report that petitioner's 2-1401 petition was dismissed with prejudice on September 29, 2010 as untimely and meritless, and that the case is currently on appeal in case No. 1-10-3221. The record on appeal is due to be filed on June 6, 2011.

Based on its review of the original [1] and the amended [29] habeas petitions, it appears to the Court that all (or at least most) of the claims in the amended petition are distinct from those that Petitioner included in the original petition. (Compare claims "A-F" in the amended petition with claims "I-IX" in the original petition).

In essence, Petitioner has two requests pending before the Court: (1) a motion for leave to amend his petition for a writ of habeas corpus, and (2) a request that the Court continue the stay in light of his currently-pending appeal from the dismissal of the 2-1401 petition.

First, even construed liberally, Petitioner's proposed amended habeas petition contains only claims A-F; it does not refer to or incorporate the claims alleged in his original habeas petition. Usually, an amended pleading that neither references nor adopts the original pleading supersedes the original complaint. See *Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1204-05 (7th Cir. 1998). So, if the Court granted Petitioner's request to file his amended habeas petition, the upshot would be that the nine claims in Petitioner's original habeas petition (to the extent that they are distinct from the claims in the amended petition) would be abandoned. The Court finds it unlikely that Petitioner intends for his amended habeas petition to completely supplant his original petition. More likely, Petitioner (who, again, is litigating *pro se*) intended [29] to be a *supplement* to his original petition, and the Court will construe the filing as such. Respondent "does not object to petitioner filing an amended habeas petition" ([31] at 3-4), either to supplement to or to supplant his original pleading. The Court accordingly accepts Petitioner's "Amended Petition For Habeas Corpus Relief" [29] as a supplement to his original petition [1].

In light of the above analysis, Petitioner's pending petition for habeas corpus is a "mixed petition" as it contains both exhausted claims and the unexhausted Claims A-F that are pending review by the Illinois appellate court in case No. 1-10-3221. *Rhines v. Weber*, 544 U.S. 269, 271 (2005). Under the circumstances here (where dismissal of Petitioner's petition would likely foreclose any chance of Petitioner obtaining federal review due to the one-year statute of limitations under 28 U.S.C. § 2244(d)(1)), continuing the stay entered by Judge Anderson is appropriate. See *Rhines*, 544 U.S. at 277-79. In fact, this is a course of action approved of by Respondent. (See [31] at 5).

While the Court agrees that a stay is appropriate, the Court also is cognizant that the "timeless concerns reflected in AEDPA" mandate that "[a] mixed petition should not be stayed indefinitely." *Rhines*, 544 U.S. at 278. In *Rhines*, the Supreme Court instructed district courts to "place reasonable time limits on a petitioner's trip to state court and back." *Id.* (citing with approval *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001) ("[District courts] should explicitly con*dition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed")). Here, as noted above, the state proceedings are ongoing. Petitioner is directed to inform the Court within 30 days of the completion of his 2-1401 proceedings.