# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 4834 | **DATE** | 6/20/2013 |
| **CASE TITLE** | Adkins vs. Akpore | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Petitioner's application for leave to file his appeal *in forma pauperis* [47] is respectfully denied. The Clerk is directed to transmit a copy of this order to the Clerk of the Court of Appeals.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On May 24, 2013, the Court issued a memorandum opinion and order [44] denying Petitioner Anthony Adkins petition for writ of habeas corpus and declining to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

Petitioner now asks the Court to grant him *in forma pauperis* status for his appeal of the denial of a writ of habeas corpus [47]. The standard governing the issuance of a certificate of appealability is more demanding than the standard for allowing a petitioner to proceed to appeal *in forma pauperis*. *Moore v. Pemberton,* 110 F.3d 22, 24 (7th Cir. 1997); see also *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983) (noting that the standard for obtaining a certificate of probable cause, the predecessor to the certificate of appealability, is higher than the one used to evaluate good faith under 28 U.S.C. § 1915); *Pate v. Stevens,* 163 F.3d 437, 439 (7th Cir. 1998) (citing *Barefoot* and warning district courts not to apply an inappropriately high standard in making good faith determinations). To issue a certificate of appealability, a court must find that the petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Williams v. Parke,* 133 F.3d 971, 975 (7th Cir. 1997). In contrast, to determine that a petitioner should be given leave to proceed on appeal *in forma pauperis*, a "good faith" standard applies, pursuant to which the district court need only find that a reasonable person could suppose that the appeal has some merit. *Lee,* 209 F.3d at 1026.

Petitioner's habeas petition presented seventeen issues. Three did not allege violations of federal law, twelve were procedurally defaulted, and two were considered on their merits. As the Court explained in its opinion addressing each of his claims, none have merit, nor could any reasonable person suppose that any have merit. In that sense, then, his claims are frivolous, and thus the Court cannot conclude that Petitioner's appeal is in good faith. Accordingly, the Court denies Petitioner's application for leave to appeal *in forma pauperis*.

As the Seventh Circuit previously advised Petitioner, in view of this order denying Petitioner's *in forma pauperis* motion, he must either pay the docketing fee or renew his motion to proceed on appeal *in forma pauperis*. If the motion is renewed in the Seventh Circuit, it must comply with Fed. R. App. P. 24.

**STATEMENT**

In sum, Petitioner's application for leave to file his appeal *in forma pauperis* [47] is respectfully denied. The Clerk is directed to transmit a copy of this order to the Clerk of the Court of Appeals.